1  Philip H. Stillman, Esq. SBN# 152861
   STILLMAN & ASSOCIATES
2  3015 North Bay Road, Suite B
   Miami Beach, Florida 33140
3  Tel. and Fax:  (888) 235-4279
   pstillman@stillmanassociates.com
4
   Attorneys for defendants VINOOD PATEL, CHAYA PATEL
5  and JOSE URIBE

6
                **UNITED STATES DISTRICT COURT FOR THE**
7
                    **CENTRAL DISTRICT OF CALIFORNIA**
8

9  JAMES SHAYLER,                         ) Case No. 2:20-cv-00235-ODW-KS
                                          )
10              Plaintiff,                ) **MEMORANDUM OF POINTS AND**
                                          ) **AUTHORITIES IN SUPPORT OF**
11  vs.                                   ) **DEFENDANT'S MOTION TO DISMISS**
                                          ) **FIRST AMENDED COMPLAINT**
12  VINOOD PATEL, as an individual;       ) **PURSUANT TO FED. R. CIV. P.**
    CHAYA PATEL, as an individual; JOSE   ) **12(B)(1) AND (6)**
13  URIBE dba V & N Nursery; and Does     )
    1-10,                                 ) Date: April 27, 2020
14                                        ) Time: 1:30 p.m.
                Defendants.               ) Courtroom: 5D
15  _____)
                                            Hon. Otis D. Wright II
16

Memo. In Support of Motion to Dismiss Complaint

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL STANDARD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.    PLAINTIFF LACKS STANDING ON HIS ADA CLAIM . . . . . . . . . . . . . . 3

        A.    Plaintiff Has Not Alleged An Injury In Fact. . . . . . . . . . . . . . . . . . . . . . 3

            1.    Plaintiff Does Not Identify How Any Barriers Relate To Plaintiff's Disability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

            2.    Plaintiff Has Not Shown That He Has A Disability That Relates To The Alleged Barriers.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        B.    Plaintiff Has Not Properly Alleged An Intent To Return. . . . . . . . . . . . 7

            1.    Proximity Of The Property To Plaintiff's Residence. . . . . . . . . . 9

            2.    Plaintiff's Past Patronage Of The Property. . . . . . . . . . . . . . . . . 9

            3.    Definitiveness of Plaintiff's Plans to Return . . . . . . . . . . . . . . . 9

            4.    Plaintiff's Frequency of Travel Near Defendant's Property . . . 10

            5. Additional Factors Weigh Against An "Intent To Return." . . . . . . . 11

        C.    Plaintiff Has Not Alleged Facts Showing He Is Deterred From Returning to Defendant's Property. . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        D.    Plaintiff Lacks Standing To Claim Injunctive Relief. . . . . . . . . . . . . . 13

        E.    Plaintiff's ADA Cause Of Action Also Fails To State A Claim. . . . . . 15

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# TABLE OF AUTHORITIES

*Brooke v. H.P. Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *8 . . . . . . . . . . . . . . . 9

*Brooke v. H&K P'ship*, 2016 U.S. Dist. LEXIS 148572, at 5 (E.D. Cal. Oct. 26, 2016) . . 13

*Brooke v. Newport Hotel Holding LLC*, 2016 U.S. Dist. LEXIS 187101, at *9 (C.D. Cal. Apr. 29, 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979) . . . . . . . . . . . . . . . . 3

*Chapman v. Pier 1 Imports, Inc.,* 631 F.3d 939, 946 (9th Cir. 2011). . . . . . . . . . 3, 4, 11, 13

*Cuadra v. George Brown Sports Club-Palm, Inc.*, 2019 U.S. Dist. LEXIS 70256, (E.D. Cal. Apr. 24, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . 4

*Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004). . . . . . . . . . . 15

*Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005). . . . . . . . . . . . . . . 8

*Johnson v. Overlook At Blue Ravine, Ltd. Liab. Co.*, 2012 U.S. Dist. LEXIS 102056 (E.D. Cal. July 20, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-10

*Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170 . . . . . . . . . . . . . . . . . . . . 10

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) . . . . . . . . . . . . . . . . . . . . . . . . 3

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002). . . . . . . . . 11

*Sierra Club v. Morton*, 405 U.S. 727, 740, 92 S. Ct. 1361, 31 L. Ed. 2d 636 (1972). . . . . 4

*Spokeo, Inc. v. Robins*, _U.S._, p 8, 136 S.Ct. 1540, 1548, 194 L.Ed.2d 635 (2016). . . . . 3

*Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) . . . . . . . . . . 3

*Strojnik v. Orangewood, LLC*,  2020 U.S. Dist. LEXIS 11743 (C.D.Cal. January 22, 2020) 4

*Strojnik v. Pasadena Robles Acquisition, LLC*, No. 2019 U.S. Dist. LEXIS 213070 (C.D.Cal. August 14, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Vogel v. Salazar*, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014) . . . . . . . . . . . . . . 11

*Zimmerman v. GJS Grp.*, 2018 U.S. Dist. LEXIS 148816, at *15-16 (D. Nev. Aug. 30, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## INTRODUCTION

Defendant JOSE URIBE d/b/a V&N Nursery (the "Property"), moves to dismiss Plaintiff James Shayler's First Amended Complaint ("FAC") in its entirety. Sayler and his counsel are high frequency litigants who have filed numerous lawsuits in the Central District, including 12 before this Court.

Plaintiff lacks standing to sue under the Americans with Disabilities Act (ADA) as the complaint is devoid of anything but the most cursory legal conclusions that fail to establish (1) the scope of Plaintiff's alleged disability, (2) what the alleged barriers to him are, (3) how any of the alleged "barriers" that Plaintiff supposedly found at the Property are barriers to *him*, and (4) that Plaintiff has any *bona fide* intent to return to the Property. Although his allegations regarding parking appear to be only applicable to those in wheelchairs, Plaintiff does *not* allege that he is in a wheelchair, does not allege that he used a "walker" when he allegedly went to the Property, and in fact, only alleges that he is "mobility impaired and uses a walker *as needed*." FAC, ¶ 1. While he might indeed be have had two knee replacement surgeries, that does not make him disabled. Neither his knee replacement surgery nor the "acute," *i.e.* short term, pinched sciatic nerve are relevant to the alleged ADA architectural barriers that Plaintiff claims to have discovered at the Property.

However, the FAC can be dismissed on even simpler grounds: Defendant did not offer parking to customers at all, and although there were open areas around the Property where customers parked, those were not official striped or even paved parking areas but were at times used for the storage of plants and trees for the nursery. On-street parking on the public streets surrounding the Property was the only official parking. Since there is no obligation that any business provide parking for its customers, there is obviously no requirement that the business provide disabled parking either.

## FACTUAL ALLEGATIONS

Plaintiff alleges that he has had two knee replacement surgeries and has an "acute" pinched sciatic nerve. FAC, ¶ 1. As a result, he claims to be "mobility impaired and uses a

1  walker as needed." FAC, ¶ 1.  Plaintiff does not allege where he resides, other than that he
2  is a resident of California. FAC, ¶ 1.  Plaintiff alleges that he visited the Property three
3  times, in May 2019, July 2019 and September, 2019.  FAC, ¶ 13.  He does not allege that
4  he patronized the business, why he went to the business on each of those purported "visits,"
5  that he was a customer of the nursery, why he preferred Defendant's nursery over any other
6  in the area or that he asked Defendant for any type of assistance while allegedly visiting the
7  Property or that he told Defendant that he had experienced any difficulty with access to the
8  Property because of any mobility impairment.  He only recited generic statutory language
9  that he went to the Property "with the intent to purchase and/or use the goods, services,
10 facilities, privileges, advantages or accommodations operated and/or owned by
11 Defendants." FAC, ¶ 7.  As for the alleged barriers, he merely recites alleged procedural
12 violations without tying any of those procedural violations to his particular disability.
13 FAC, ¶ 22.  He finally generically alleges that he "intends to return to Defendants public
14 accommodation facilities in the near future." FAC, ¶ 27.

## LEGAL STANDARD

Jurisdictional attacks can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035,1039  (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In a factual attack, the challenger provides evidence that an alleged fact in the complaint is false, thereby resulting in a lack of subject matter jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039.  Under a factual attack, the allegations in the complaint are not presumed to be true, *White*, 227 F.3d at 1242, and "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988). Defendant here is making a factual challenge to the Complaint; *Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-CV-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094, at *4 (C.D. Cal. Dec. 9, 2019).

# ARGUMENT

## I.

## PLAINTIFF LACKS STANDING ON HIS ADA CLAIM

A disabled person claiming access discrimination in violation of the ADA must establish Article III standing in order to maintain their lawsuit. *Chapman v. Pier 1 Imports, Inc.,* 631 F.3d 939, 946 (9th Cir. 2011) (*en banc*).  Article III standing requires that a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that it is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, _U.S._, p 8, 136 S.Ct. 1540, 1548, 194 L.Ed.2d 635 (2016), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-CV-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094, at *4 (C.D. Cal. Dec. 9, 2019).

To show standing under the ADA, a plaintiff must also demonstrate that he has suffered an "injury-in-fact coupled with an intent to return to a noncompliant facility," or alternatively "deterrence from returning to the premises." *Chapman*, 631 F.3d at 946. Plaintiff has the burden of establishing the existence of these elements, and must clearly allege facts demonstrating each element. *Id*.  Since injunctive relief is the only remedy to individuals under Title III of the ADA, Plaintiff must also show he faces a "'real and immediate threat of repeated injury'" to establish an injury-in-fact for purposes of standing. *Chapman*, 631 F.3d at 946.

Because its jurisdiction is limited, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)(citing *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)).

A.   <u>Plaintiff Has Not Alleged An Injury In Fact.</u>

An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent' not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  This includes a "requirement that a

party seeking review must allege facts showing that he is himself adversely affected." *Sierra Club v. Morton*, 405 U.S. 727, 740, 92 S. Ct. 1361, 31 L. Ed. 2d 636 (1972). The "injury in fact" element is met when a disabled plaintiff has *personally* encountered a barrier violating the ADA, based on his specific disability. *Chapman*, 631 F.3d at 947 (citing *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008)). *See also, Strojnik v. Orangewood, LLC*, 2020 U.S. Dist. LEXIS 11743 (C.D.Cal. January 22, 2020); *Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-CV-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094, at *4 (C.D. Cal. Dec. 9, 2019); *Zimmerman v. GJS Grp.*, 2018 U.S. Dist. LEXIS 148816, at *15-16 (D. Nev. Aug. 30, 2018) (Plaintiff failed to satisfy the injury in fact requirement because Plaintiff does not relate the alleged ADA barriers to his particular disability, and cannot establish a concrete and particularized injury or a real and immediate threat of future injury).

1. **Plaintiff Does Not Identify How Any Barriers Relate To *Plaintiff's* Disability.**

Plaintiff fails to allege how any purported "barriers" at the Property are barriers to *Plaintiff because of his own disability.* The Ninth Circuit has held that a plaintiff "does not have standing to challenge those barriers that would burden or restrict access for a person" with a disability different than the plaintiff's disability. *See Doran*, 524 F.3d at 1044 n.7 (holding that plaintiff, a wheelchair user, "cannot challenge all of the ADA violations in the 7-Eleven store. . . . Doran may challenge only those barriers that might reasonably affect a wheelchair user's full enjoyment of the store."); *see also Chapman*, 571 F.3d at 858 n.2 ("The Ninth Circuit does not . . . grant a plaintiff standing to challenge un-encountered barriers not related to his or her disability. For example, a non-blind, non sight-impaired person who needs a wheelchair for mobility cannot challenge barriers that would only restrict access for a person who is blind or sight-impaired."). Plaintiff cannot merely identify barriers not associated with his particular disability to satisfy Article III standing. *See Chapman*, 631 F.3d at 947. A barrier in a public accommodation must "interfere with the plaintiff's full and equal enjoyment of the facility." *Id.* A barrier, however, will "only

amount to such interference if it affects *the plaintiff's* full and equal enjoyment of the facility on account of his particular disability." *Id.* (emphasis added).

Here, Plaintiff alleges that he "encountered barriers (both physical and intangible) that interfered with – and denied – Plaintiff the ability to use and enjoy the goods, services, privileges and accommodations offered at the Property."  FAC, ¶ 15.  He then broadly recites various purported violations of the California Building Code and purported violations of the 2010 ADAAG standards. FAC, ¶ 22. California Building Codes are irrelevant as a violation of the CBC is not a basis for an ADA violation.[1]   Plaintiff fails to allege how any purported violation listed in FAC, ¶ 22 "relates to" his own disability. *Chapman*, 631 F.3d at 947.   In fact, the closest that Plaintiff gets to such an allegation is his allegation that he "is mobility impaired," FAC, ¶ 1 and "When Plaintiff visited the Property, he experienced access barriers related to parking and the paths of travel to the entrance." FAC, ¶ 20.  These improper legal conclusions are insufficient to satisfy the injury-in-fact requirement.[2] *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III"); *Chapman*, 631 F.3d at 953 ("An ADA plaintiff . . . lacks standing . . . if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability."). Therefore, Plaintiff has failed to

---

[1] "Defendant's non-compliance with the California Building Code does not establish a violation of the ADA." *Vogel v. Kafco P'ship*, 2019 U.S. Dist. LEXIS 228406, at *7 (C.D. Cal. Sep. 25, 2019).  Thus, any alleged violations of the California Building Code do not are irrelevant and should be ignored.

[2] "Plaintiff here has alleged an ADAAG violation in no more than a conclusory fashion." *Cuadra v. George Brown Sports Club-Palm, Inc.*, 2019 U.S. Dist. LEXIS 70256, at *10-12 (E.D. Cal. Apr. 24, 2019). In *Cuadra*, for example, "Plaintiff . . . alleges. . . the installment of the seat including the selection and installation of the anchoring device did not comply with the ADA Requirements and Guidelines. Although plaintiff references the ADAAG requirements in his complaint, he does not specifically allege what provision of the ADAAG the handicapped shower seat purportedly violated." *Id.*

Memo. In Support of Motion to Dismiss Complaint -5-

sufficiently allege an injury that is both concrete and particularized. *Four Sisters*, *supra* at *6.

Moreover, none of Plaintiff's allegations describe how any purported architectural barriers at the Property relate to his disability. This is insufficient under *Chapman*, 631 F.3d at 954. *See also*, *Strojnik v. Orangewood, LLC*, 2020 U.S. Dist. LEXIS 11743 (C.D.Cal. January 22, 2020)(granting motion to dismiss for lack of standing for inadequate allegations relating Strojnik's alleged disability with ADA violations); *Strojnik v. Hotel Circle GL Holdings, LLC*, Case No. 1:19-cv-01194-DAD-EPG (E.D.Cal. November 21, 2019) (allegations in the Complaint that "Plaintiff encountered barriers to accessibility [at the Hotel] documented in Addendum A" and those barriers "related to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel"; and (6) "The ADAAG and Unruh violations in this Complaint relate to barriers to Plaintiffs [sic] mobility." . . . . are insufficient to support a claim that plaintiff suffered an injury-in-fact."). Plaintiff must do more than merely identify barriers that he encountered—he must plead how each barrier affected him because of his disability. *Chapman*, 631 F.3d at 954. The complaint is devoid of any such allegations and therefore, Plaintiff has not pled an injury in fact.

2. **Plaintiff Has Not Shown That He Has A Disability That Relates To The Alleged Barriers.**

Although the complaint is totally lacking any allegations that explain how the purported procedural violations alleged in FAC, ¶ 22 affected Plaintiff because of his disability, it is not even clear what that disability is. Although Plaintiff alleges that he has had two knee replacement surgeries, surely that surgery in and of itself is insufficient to establish a disability.[3] Similarly, Plaintiff cagily alleges that he has "acute pinched sciatic

---

[3] "Knee replacement surgery is one of the most common bone surgeries in the United States. It can help ease the pain caused by severe arthritis. It also may help you move more freely. U.S. doctors perform more than 600,000 knee replacement surgeries each year." https://www.webmd.com/osteoarthritis/guide/knee-replacement-surgery#1

Memo. In Support of Motion to Dismiss Complaint          -6-

nerve" and arthritis.[4] FAC, ¶ 1. He does not allege where his arthritis is or what type of arthritis, either. Clearly, arthritis of the elbow is irrelevant to walking, for example.

Significantly, no where in his complaint does he claim to use a wheelchair or even a walker, and thus cannot complain of any of the alleged barriers that would apply to disabled people in wheelchairs, such as ramp slopes and aisle widths. *O'Campo v. Bed Bath & Beyond of Cal., LLC*, 610 F. App'x 706, 708 (9th Cir. 2015) ("The district court properly concluded that the barriers O'Campo alleged would not interfere with the full and equal access of a mobility-impaired person who requires the use of a cane, rather than a wheelchair," affirming dismissal of complaint).

Moreover, Plaintiff's allegation that he "uses a walker *as needed,*" FAC, ¶ 1 (emphasis added), is plainly insufficient. *Rutherford v. Cesar's Mexican Rest., LLC*, 2019 WL 4193392, at *1 (S.D. Cal. Sept. 3, 2019) (finding that a plaintiff failed to establish Article III standing where he alleged that "at times" used a wheelchair but did not allege if he used a wheelchair at the defendant's facility despite pointing out barriers to accessibility that related to wheelchair users). Thus, there is no alleged disability that Plaintiff can even tie *to* any alleged barrier, and Plaintiff has failed to allege – nor can he – an injury in fact.

B.      Plaintiff Has Not Properly Alleged An Intent To Return.

A plaintiff establishes standing under the ADA by demonstrating an injury in fact coupled with an intent to return. *Chapman*, 631 F.3d at 944. An intent to return may satisfy the actual or imminent injury prong if the "plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to

---

Thus, a knee replacement should not be a "disability"— it helps someone's mobility.

[4] "Acute often also connotes an illness that is of short duration . . . ." https://www.medicinenet.com/script/main/art.asp?articlekey=2133. Thus, a pinched nerve that is "acute" is one of short duration, meaning that the plaintiff is unlikely to experience that disability of a sufficiently long duration to support injunctive relief under the ADA, and there is no showing that Plaintiff will be suffering from or did suffer from an allegedly "pinched sciatic nerve" when he visited defendant's property.

Memo. In Support of Motion to Dismiss Complaint          -7-

visit the accommodation if it were made accessible." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008) (citing *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002)); *Four Sisters, supra* at *6. Speculative, "some day" intentions of visiting a facility will not support standing. *Lujan*, 504 U.S. at 564. A general intent to return to a public accommodation is also "insufficient to confer standing in an action for injunctive relief." *Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1164 (C.D. Cal. 2005) (citing *Lujan*, 504 U.S. at 564). Accordingly, a plaintiff "lacks standing if he is indifferent to returning . . . or if his alleged intent to return is not genuine." *Chapman*, 631 F.3d at 953.

When analyzing plaintiff's intent to return to establish an "injury in fact," the Supreme Court has held that the plaintiff's "profession of an intent to return . . . [was] simply not enough" for standing. *Lujan*, 504 U.S. at 564. The plaintiff's intent to return was only backed by a statement that she "intended to go back" but did not offer any definitive time other than some time "in the future." *Id*. The Court ruled that "such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be" do not establish an intent to return as necessary for standing. *Id*.

Courts generally look to four factors to determine whether a plaintiff has pleaded an intent to return: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Four Sisters, supra* at *7 citing *Antonio v. Yi*, No. 2:14-CV-04323-SVW (ASx), 2015 WL 13603781, at *2 (C.D. Cal. Mar. 4, 2015) (collecting cases). *See also*, *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005) (citation and quotation marks omitted); *Johnson v. Overlook At Blue Ravine, Ltd. Liab. Co.*, 2012 U.S. Dist. LEXIS 102056 (E.D. Cal. July 20, 2012).

In the FAC, Plaintiff merely relies on the same verbatim allegation that "Plaintiff intends to return to Defendants public accommodation facilities in the near future." FAC, ¶

27, which are no more than the "some day intentions" the Supreme Court has rejected.

### 1. Proximity Of The Property To Plaintiff's Residence.

Here, Plaintiff has not identified where he resides, other than "in California." Thus, there are no allegations regarding his proximity to Defendant's Property. And this factor weighs against Plaintiff.

### 2. Plaintiff's Past Patronage Of The Property.

This factor looks to the plaintiff's history of visits to the subject business. Although Plaintiff alleges that he went to the Property three times, in May, July and September, 2019, he does not allege that he went there for any reason other than to sue Defendant. He does not state that he actually patronized Defendant's nursery – which appears to be contradicted by Plaintiff's allegation that he experienced barriers and was deterred from visiting the business. Plaintiff's lack of any past patronage is even further undermined by the fact that Plaintiff has sued numerous properties in Los Angeles. Lacking any facts to support his intent to patronize *Defendant's* Property as compared to the other nurseries in the general area of Defendant's business, Plaintiff has provided no evidence of a sincere intent to visit the area at all, let alone Defendant's Property in particular. *Strojnik v. Orangewood, LLC*, *supra*, and at n. 19 (discussing a plaintiff's obligation to explain his preference for Defendant's particular business).

A lack of patronage before the visits giving rise to the lawsuit is a factor that strongly favors the defendant business. *Brooke v. H.P. Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *8; *see also Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *8-9. This factor strongly favors Defendant.

### 3. Definitiveness of Plaintiff's Plans to Return

If a plaintiff does not have concrete and genuine plans to return to the subject business, then this factor weighs in the defendant's favor. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *9-*11. In *Blue Ravine*, for example, plaintiff Scott Johnson testified that he did not intend to go back to the defendant business until "the action is resolved and the property alterations are complete." *Id.* at *9. The Eastern District Court found this

1  intention insufficient, and that it provided "no definite intent to return," strongly favoring
2  the defendant. *Id*. at *9-10. In the instant FAC, Plaintiff has alleged an even lesser intent to
3  go to Defendant's Property: "Plaintiff intends to return to Defendants public
4  accommodation facilities in the near future." FAC, ¶ 27.  Plaintiff does not indicate when
5  he planned to visit the Property, let alone when he might plan to return, other than some
6  "specific time" in the future.  *Four Seasons, supra* at * 7.  "Such 'some day'
7  intentions—without any description of concrete plans, or indeed even any specification of
8  when the some day will be—do not support a finding" of an intent to return. *Lujan*, 504
9  U.S. at 564 (discussing when an intent to return can demonstrate actual or imminent injury
10 sufficient for standing). This factor weighs heavily in Defendant's favor.

        4. **Plaintiff's Frequency of Travel Near Defendant's Property**

12      When considering this factor, a court looks to the plaintiff's assertion of
13 frequent travel near the defendant's business, such that the plaintiff would inherently be
14 more likely to frequent the business. *See Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at
15 *11; *see also Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170 (E.D.Cal. March
16 27, 2012) at *5. If a plaintiff does not allege any facts supporting his or her frequency of
17 travel near the defendant business, then this factor should weigh in the defendant's favor. In
18 *Blue Ravine*, plaintiff Scott Johnson provided no allegations or evidence that he had
19 "specific ties" to the defendant's property, or any other particular reason to frequent the
20 area. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11. The court therefore found this
21 factor to "strongly favor[]" the defendant. *Id.*
22      Similarly here, Plaintiff fails to make any allegations regarding his frequency of
23 travel near the Property or why he intended to got to Defendant's nursery as compared to
24 any other nursery in the Los Angeles area.  Plaintiff does not allege that he has visited Los
25 Angeles in the past, that he has concrete plans to do so in the future, or that the Property is
26 in the geographic zone that Plaintiff typically travels as part of his regular activities.
27 Therefore, this factor weighs strongly in Defendant's favor.
28      In sum, none of the four factors possibly weigh in Plaintiff's favor. Plaintiff has

Memo. In Support of Motion to Dismiss Complaint      -10-

entirely failed to demonstrate a definite intent to return to Defendant's Property. He therefore fails to establish standing through injury-in-fact and intent to return.

5.     **Additional Factors Weigh Against An "Intent To Return."**

In addition, the purpose of the "intent to return" road to standing is to show that the plaintiff will likely be harmed because barriers "continue to exist at a place of public accommodation to which he intends to return." *Chapman*, 631 F.3d at 953. Here, Plaintiff's intent to return is expressly contingent on the Property coming into compliance with the ADA, thus Plaintiff will not return unless the Property comes into compliance so he will necessarily not encounter accessibility barriers at that time. Plaintiff's own intent allegation therefore forecloses standing based on the intent to return option. *Strojnik v. Pasadena Robles Acquisition, LLC*, No. 2019 U.S. Dist. LEXIS 213070 (C.D.Cal. August 14, 2019) at *5-6. Given that the Property is not in the state where Plaintiff resides, and Plaintiff makes no allegations that he frequents the Los Angeles area or has concrete plants to do so in the future, Plaintiff's hypothetical allegations are insufficient to plead standing to sue for injunctive relief under the ADA because of architectural barriers at the Property.

C. <u>Plaintiff Has Not Alleged Facts Showing He Is Deterred From Returning to Defendant's Property</u>.

An individual can prove "injury-in-fact" by showing that he is deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA. *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002). But a plaintiff's claimed deterrence cannot be merely "conjectural or hypothetical." *Vogel v. Salazar*, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014). A plaintiff must allege facts to show that he "would return to the establishment if the establishment were compliant with the ADA." *Id.*

To adequately plead deterrence, a plaintiff must provide more than the empty allegation that he or she "was deterred;" rather, some sort of corroborating facts are necessary to demonstrate to the court that the "threat of future injury [is] sufficiently 'imminent' to permit a plaintiff to sue for injunctive relief." *Blue Ravine*, 2012 U.S. Dist.

LEXIS 102056, at *11-12 (quoting *Chapman*, 631 F.3d at 949).

In *Vogel*, the plaintiff merely stated that due to "physical and intangible" barriers, he was "deterred" and "continue[d] to be deterred from visiting" the defendant's public accommodation. *Id.* at *2. The court stated that the plaintiff "failed to assert or point to any colorable facts to prove that his assertion of deterrence is not merely hypothetical" because the plaintiff did not provide any evidence that he would return to the public accommodation if it were ADA compliant. *Id.* Thus, the court found that the plaintiff's claims did not show that he was deterred from returning. *Id.*

Here, like in *Vogel*, Plaintiff has failed to point to any facts showing that his intent to return to Defendant's Property is not merely hypothetical. Plaintiff only stated that he is "deterred from visiting the Property" and intends to visit once it is ADA compliant. FAC, ¶ 27. Plaintiff has alleged no *facts* to support his bare legal conclusion that he would return to the Property if it were brought into compliance and therefore has not pled deterrence.

Moreover, Plaintiff is required to allege specific facts regarding why he intended to go to Defendant's Property as compared to any other nursery in the Los Angeles area. *Strojnik v. Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743, at *25-26 (C.D. Cal. Jan. 22, 2020). A desire to go to the specific challenged Property can be shown by explaining a preference for that Property. *Id.* ("While Plaintiff alleges that he 'has lodged at Hilton Hotels countless times previously, and, to the best of his memory, at this Hotel' and 'prefers to stay at Hilton properties because he and [his ex-wife] are members of the Hilton Honors Rewards Program,' . . . there are no allegations as to why Plaintiff prefers this particular Hilton property, as opposed to others in the 'Disneyland area'" dismissing complaint with prejudice). As the *Orangewood* Court cogently explained:

> requiring that a Plaintiff allege he will return to a geographic area far from his home and have some preference to return to that accommodation over another is essential to alleging he is plausibly deterred from patronizing the accommodation. For example, imagine that someone who lives in Miami traveled to Alaska on vacation and encountered a snow shoe store with a barrier. Unless that person alleges that she plans to travel to Alaska again, she cannot plausibly allege that she is currently deterred from patronizing the store. Moreover, assume that Alaska has a thousand snow shoe stores spread across various locations. If the individual cannot plausibly allege a preference

      to visit that particular store on a return trip, she cannot plausibly allege that she is deterred from visiting that store.

*Strojnik v. Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743, at *25 n.19 (C.D. Cal. Jan. 22, 2020). The FAC is devoid of any reason why Plaintiff would shop at Defendant's Property over any other nursery in Los Angeles. In short, Plaintiff has neither suffered any injury, established any *bona fide* intent to return or deterrence. Accordingly, Plaintiff lacks standing under the ADA.

D.    <u>Plaintiff Lacks Standing To Claim Injunctive Relief.</u>

"To establish standing to pursue injunctive relief under the ADA, a plaintiff must also "demonstrate a 'real and immediate threat of repeated injury' in the future." *Brooke v. H&K P'ship*, 2016 U.S. Dist. LEXIS 148572, at 5 (E.D. Cal. Oct. 26, 2016) citing *Chapman*, 631 F.3d at 946.

      1.    **Plaintiff's Litigation History Undercuts Any Bona Fide Threat Of Repeated Injury.**

Plaintiff has acknowledged filing 12 ADA lawsuits within the past 12 months (although he did not identify any of them). As one court stated, "This sort of litigation-by-the-truckload is transparently designed to extract settlements, not advance worthy ADA goals, and the Court is wary of encouraging such an approach. *Brooke v. Newport Hotel Holding LLC*, 2016 U.S. Dist. LEXIS 187101, at *9 (C.D. Cal. Apr. 29, 2016). The allegation that Plaintiff intends to actually return to each of the businesses that he has sued in this district and others is simply implausible and he should be required to plead specifically why he will be patronizing each of the businesses that he has sued, if only the alleged barriers were removed. Barring such specificity, Plaintiff cannot demonstrate a "real and immediate threat of repeated injury" in the future and is not entitled to injunctive relief.

      2.    **Plaintiff's Claim Is Moot.**

There is another reason why Plaintiff cannot demonstrate a "real and immediate threat of repeated injury" – in November 2019 and with the permission of the property

owners, defendants Vinood and Chaya Patel, Defendant paved open space at the nursery that had previously been used for storage of plants and trees, and made ADA compliant ADA accessible parking for patrons of Defendant's nursery. Declaration of Vinood Patel, ¶ 4. Thus, all of Plaintiff's parking area complaints are now moot.

"[I]f a defendant voluntarily removes the alleged barriers, a plaintiff's ADA claim may be mooted." *Bryant v. Yosemite Falls Café, Inc.*, *supra*, 2018 WL 372704 at *3; *see also, Vogel v. Winchell's Donut Houses Operating Co., LP*, 252 F. Supp. 3d 977 (C.D. Cal. 2017); *Johnson v. BBVA Compass Fin. Corp.*, 2016 U.S. Dist. LEXIS 39635 at *1 (E.D. Cal. Mar. 25, 2016) (holding ADA claim was moot after barrier repair); *Johnson v. Compton*, 2018 U.S. Dist. LEXIS 108571, at *3 (E.D. Cal. June 27, 2018).

"Once a defendant has remedied all ADA violations complained of by a plaintiff, the plaintiff's claims become moot and he or she loses standing, meaning the court no longer has subject matter jurisdiction over the ADA claims." *Bryant*, 2018 WL 372704 at *3, citing *Grove v. DeLa Cruz*, 407 F.Supp.2d 1126, 1130-31 (C.D. Cal. 2005); *Access 4 All, Inc. v. Bamco Vi, Inc.*, 2012 WL 33163, at *5 (S.D. Fla. Jan. 6, 2012) ["even if the repairs were motivated by the pending lawsuit, the record reflects that defendant acted promptly with a genuine desire to comply with the law"]; *Langer v. Manuele*, 2018 U.S. Dist. LEXIS 101722 (S.D. Cal. June 18, 2018)(granting motion to dismiss where obstacle to access alleged in the complaint has been remedied by defendant making his ADA claim moot); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 906 n.5 (9th Cir. 2011) [affirming the district court's conclusion that modifications in tow-away signage, signage in a van accessible stall, and the painting of a stop sign on the pavement at accessible route were among the types of features that mooted the plaintiff's claim].

"If a court determines that a case is moot, the court no longer has jurisdiction over the controversy." U.S. Const. Art., III, § 2, *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985). The federal court lacks jurisdiction to decide a moot case because the court's jurisdiction extends only to actual cases or controversies. *Id.*, *see also, Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 72-73. A case is deemed moot when the issues presented are

no longer "live" or the parties lack a legally cognizable interest in the outcome. *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 23 1274 (9th Cir. 1998).

This court can consider defendant's expert declaration and other extrinsic evidence in connection with a Rule 12(b)(1) motion. *Bryant v. Yosemite Falls Café, Inc., supra*, 2018 WL 372704 at *3, see also, *Jinkins v. Irvine Props.*, 2016 U.S. Dist. LEXIS 75947, at *1-2 (C.D. Cal. June 8, 2016) [dismissing complaint pursuant to Rule 12(b)(1) where expert declaration supported defendants' contention that plaintiffs' ADA claim was mooted by subsequent modifications to the property]; *Langer v. Manuele* 3:18-cv-00104-BEN-NLS (S.D. Cal. 2018) [same].

The parking area provided in November 2019 is compliant with the ADA. Patel Decl., ¶ 5 and Exhibit 1 attached thereto, and thus the claim is moot.

E.   Plaintiff's ADA Cause Of Action Also Fails To State A Claim.

An individual alleging discrimination under Title III must show (1) he is disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability. *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004). As set forth above, Plaintiff's claims of disability are suspect and call into question the adequacy of the third element of the claim and the FAC is devoid of any allegations that would satisfy the fourth element.

Here, the crux of Plaintiff's claim is that various aspects of the purported parking on the property violated the ADA. However, prior to November 2019, Defendant *did not provide parking* to customers. Patel Decl., ¶ 2. Prior to November 2019, there were open areas on the Property that were neither striped nor marked as parking spaces. In fact, those areas were often used for storage of inventory, plants and trees that Defendant used for his nursery business. Although there was certainly room for customers to park their cars when spots were open, "formal" parking spaces were not provided. Instead, customers would

park on the streets surrounding the Property. Patel Decl., ¶ 3. Thus, at the time of each purported "visit" to the Property in May, July and September 2019, there was no parking offered to customers other than to the extent that there were open spaces surrounding the Property. Patel Decl., ¶ 3. Since there was no parking offered to customers, there was no requirement that parking be provided to disabled patrons specifically. *Callahan v. Paramount Pictures Corp.*, 2010 U.S. Dist. LEXIS 154472, at *28 (C.D. Cal. Sep. 24, 2010)("to the extent Defendant provides parking for able-bodied guests, Defendant would be required under the ADA and California law to provide accessible parking for guests with physical disabilities.") Accordingly, to the extent that the FAC pleads an injury in fact and is not moot, the FAC fails for this reason as well.

## CONCLUSION

For the foregoing reasons, Defendant requests that this Court grant its Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) with prejudice and without leave to amend.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: March 23, 2020          By:_____
                                    Philip H. Stillman, Esq.
                                    Attorneys for defendant JOSE URIBE

# PROOF OF SERVICE

I, the undersigned, certify under penalty of perjury that on March 24, 2020 or as soon as possible thereafter, copies of the foregoing Motion to Dismiss, Memorandum of Points and Authorities, Declaration of Vinood Patel, and Proposed Order was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and via email to Plaintiff's email address listed with this Court.

By: /s/ *Philip H. Stillman*
Attorneys for JOSE URIBE