1  Anoush Hakimi (State Bar No. 228858)
2  *anoush@handslawgroup.com*
   Peter Shahriari (State Bar No. 237074)
3  *peter@handslawgroup.com*
4  **THE LAW OFFICE OF HAKIMI & SHAHRIARI**
   7080 Hollywood Blvd., Suite 804
5  Los Angeles, California 90028
6  Telephone: (323) 672 – 8281
   Facsimile: (213) 402 – 2170
7

8  Attorneys for Plaintiff,
9  **JAMES SHAYLER**

10              **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

12

13  **JAMES SHAYLER**,                    Case No.: 2:20-cv-00235-ODW-KS
14                                        Hon. Otis D. Wright, II
                  Plaintiff,
15
16  vs.                                   **OPPOSITION TO MOTION TO
                                          DISMISS**
17  **VINOOD PATEL**, as an
18  Individual; **CHHAYA PAYEL**,
    as an individual; **JOSE URIBE        Date: April 27, 2020
19  DBA V & N NURSERY**, and              Time: 1:30 p.m.
20  Does 1-10,                            Court: Courtroom 5D

21                Defendants.
22

23  ///

24  ///

25  ///

26

27

28

---

OPPOSITION TO MOTION TO DISMISS

## **TABLE OF CONTENTS**

Page

I.    INTRODUCTION…..……………..……………………...….……    1

II.   PLAINTIFF HAS ARTICLE III STANDING TO BRING THE ADA
      CAUSE OF ACTION FOR INJUNCTIVE RELIEF……………….…    3

      A.    Defendant's Motion is a "Facial" Attack………………………    3

      B.    ADA Standing Standards in the Ninth Circuit……………………    5

            1.    Actual or Imminent Injury…………………………………    5

            2.    Real and Immediate Threat of Repeated Injury……………    8

III.  THE DEFENSE HAS NOT MET THE "FORMIDABLE" BURDEN OF
      ESTABLISHING MOOTNESS …………………………………….....    11

      A.    The defense has not factually established that the property is
            accessible………………………………………………….…..    11

      B.    The defense has not established that the violations will not recur...    14

IV.   PLAINTIFF HAS SUFFICIENTLY PLEAD AN ADA CAUSE OF
      ACTION……………………………………………………………….    20

V.    CONCLUSION…………………………………………………….....    23

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**CASES**

*Ashcroft v. Iqbal,*
    U.S. 662, 678 (2009)……………………………………………………  21

*Barker v. Riverside Cty. Office of Educ.,*
    584 F.3d 821, 824 (9th Cir. 2009)………………………………………  20

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 555-56 (2007)……………………………………………  21

*Broam v. Bogan,*
    320 F.3d 1023, 1028 (9th Cir. 2003) …………………………………  21

*Chapman v. Pier 1 Imports (U.S.) Inc.,*
    631 F.3d 939, 945 (9th Cir. 2011)………………………………………  13

*City of Los Angeles v. Lyons,*
    461 U.S. 95, 111 (1983) …..……………………………………………  5, 8

*City of Mesquite v. Aladdin's Castle, Inc.*
    455 U.S. 283, 289 (1982)………………………………………………..  14

*Civil Rights Educ. & Enf't Ctr. V. Hosp. Properties Tr.,*
    867 F.3d 1093, 1099 (9th Cir. 2017) …………………………………  6

*D'Lil v. Best Western Encino Lodge & Suites,*
    538 F.3d 1031, 1040 (9th Cir. 2008)…………………………………..  10, 11

*D'Lil v. Stardust Vacation Club,*
    No. CIV-S-00-1496DFL PAN 2001 WL 1825832, at *3 (E.D. Cal. Dec.
    21, 2001) …………………………………………………………..  8

*Doran v. 7-Eleven, Inc.,*
    524 F.3d 1034, 1039-40 (9th Cir. 2008)…………………………………  5, 6

*Feldman v. Pro Football, Inc.,*
    419 F. App'x 381 (4th Cir. 2011)…………………………………………..   17

*Fiedler v. Ocean Properties, Ltd.*
    683 F. Supp. 2d 57, 71-73 (D. Me. 2010)…………………………………   11

*Fortyune v. American Multi-Cinema, Inc.,*
    364 F.3d 1075, 1081 (9th Cir. 2004) ………………………………………   5

*Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*
    528 U.S. at 167……………………………………………………………   14, 20

*Gastelum v. Canon Hospitality LLC,*
    No. CV-17-02792-PHX-GMS, 2018 WL 2388047 at *3 (E.D. Cal. Dec.
    21, 2001) …………………………………………………………………......   8

*Gilligan v. Jamco Dev. Corp.,*
    108 F.3d 246, 249 (9th Cir. 1997) ……………………………………………   21

*Grove v. De La Cruz,*
    407 F. Supp. 2d 1126, 1130 (C.D. Cal. 2005)……………………………..   17

*Harris v. Stonecrest Care Auto Center, LLC,*
    472 F. Supp. 2c. 1208, 1216 (S.D. Cal. 2007) …………………………   9

*Houston v. 7-Eleven, Inc.,*
    2014 WL 5488805, at *12 (M.D. Fla. 2014)………………………………   16

*Iron Arrow Honor Soc'y v. Heckler,*
    464 U.S. 67, 71-72 (1983)…………………………………………………   16

*Jenkins v. United Gas Corporation,*
    400 F.2d at 33 (5th Cir. 1968)……………………………………………..   16

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555, 560 – 561 (1992) ……………………………………………..   5

*Moeller v. Taco Bell Corp.,*
    816 F. Supp. 2d 831 (N.D. Cal. 2011)……………………………………   18, 19

*Molski v. Evergreen Dynasty Corp.,*
    500 F.3d 1047, 1062 (9th Cir. 2007)……………………………………….   11

*Molski v. M.J. Cable, Inc.*
    481 F.3d 724, 730, 732, fn. 5 (9th Cir. 2007)……………………………   13, 21, 22

*Nat'l Adver. Co. v. City of Miami,*
    402 F.3d 1329, 1333 (11th Cir. 2005)……………………………………   16

*O'Shea v. Littleton,*
    414 U.S. 488, 496 (1974) …………………………………………………   5

*Outley v. City of New York,*
    837 F.2d 587, 592 (2nd Cir. 1988) ………………………………………   10

*Pickern v. Holiday Quality Foods Inc.,*
    293 F.3d 1133, 1138 (9th Cir. 2002)……………………………………..   6

*Safe Air for Everyone v. Meyer,*
    373 F.3d 1035, 1039 …………………………………………………   3

*Santiago v. Miles,*
    774 F. Supp. 775, 793 (W.D.N.Y. 1991)………………………………..   16

*Sheely v. MRI Radiology Network, P.A.,*
    505 F.3d 1173, 1186 (11th Cir. 2007)……………………………………   16

*Steel Co. v. Citizens for Better Env't,*
    523 U.S. 83, 109 (1998)……………………………………………………   16

*Sun Valley Gas., Inc. v. Ernst Enters,*
    711 F.2d 138, 140 (9th Ci4. 1983)………………………………………   3

*Tandy v. City of Wichita,*
    380 F.3d 1277, 1291 (10th Cir. 2004)……………………………………   15

*Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.,*
    594 F.2d 730, 733 (9th Cir. 1979)..………………………………………...   3

*Trafficante v. Metro. Life Ins. Co.,*
    409 U.S. 205, 209 (1972)……………………………………………..   5

*United States v. Concentrated Phosphate Export Ass'n*
    393 U.S. 199, 203-04 (1968)…………………………………………   14

*United States v. W.T. Grant,*
    345 U.S. 629, 632 (1953)……………………………………………..   16

*Woods v. City of Greensboro,*
    855 F.3d 639, 652053 & n.9 (4th Cir. 2017); cert. denied, 138 S. Ct. 558
    (2017) ……………………………………………………………..   21

## STATUTES, RULES AND REGULATIONS     <u>Page</u>

7-3, Local Rules of Central District of California………………………………   1

12(b)(1), Federal Rules of Civil Procedure……………………………………   3, 11

12(b)(6), Federal Rules of Civil Procedure……………………………………   2, 20

15(a), Federal Rules of Civil Procedure………………………………………   3, 23

26, Federal Rules of Civil Procedure…………………………………………   13

42, 12181–12189, United States Code………………………………………...   21, 22

## MISCELLANEOUS

*Samuel R. Bagnestos, The Perversity of Limited Civil Rights Remedies: The
Case of "Abusive" ADA Litigation*
    54 U.C.L.A. L.Re 1, 5 (2006)…………………………………………   11

*Title III Technical Assistance Manual Covering Public Accommodations and
Commercial Facilities*……………………………………………………………   22

## I.    <u>INTRODUCTION</u>

In his Motion to Dismiss filed on March 24, 2020 at ECF No. 33 (the "MTD") Defendant seeks to victim-shame Plaintiff, a disabled California resident with mobility impairment from enforcing his rights under federal and state law. Over many years, Defendant has made a handsome profit from his business at the property, but he believes he is above the law, and that he doesn't need to follow the requirements of the Americans with Disabilities Act.

As a preliminary matter, Defendant's Motion is procedurally defective as Defendant did not even attempt to meet and confer with Plaintiff as required pursuant to Local Rule 7-3 of the Central District of California.

Defendant's argument that Plaintiff lacks Article III standing to bring a cause of action for relief under the Americans with Disabilities Act (the "ADA") is without merit. Since Defendant's attack is a facial attack, all of the factual allegations in Plaintiff's First Amended Complaint (the "FAC") must be presumed to be true. Plaintiff can show that he has standing under the Ninth Circuit's standing standards, because Plaintiff's FAC sets out his actual or imminent injury concretely and with specificity, and Plaintiff can demonstrate a real threat of future harm, because the plaintiff can establish a likelihood of returning to the Defendant's premises, for among other reasons, Plaintiff's extensive history of

OPPOSITION TO MOTION TO DISMISS

visiting the subject property, the subject property's close proximity to Plaintiff's home, the definitiveness of Plaintiff's intent to return and that Plaintiff drives by the subject property on a nearly daily basis.

Defendant has not met his formidable burden of establishing mootness. First, Defendant has not provided any evidence to the Court that the alleged violations have been fixed. Rather, Defendant has only provided a declaration of Vinood Patel, that is verifiably false, and a vague and ambiguous three-line document, which is inadmissible hearsay and doesn't provide any detail whatsoever of the work that was performed or the remediations that were made. Second, Defendant cannot demonstrate that the violations cannot be reasonably expected to recur. To the contrary, the sorts of parking lot violations that Defendant claims to have remediated are likely to recur, especially with a serial ADA violator, like Defendant, who has operated illegally for many years and refused to obey the law. Defendant provides no evidence whatsoever that he has remediated the myriad of other architectural barriers that Plaintiff encountered and are enumerated in the FAC.

Defendant's Rule 12(b)(6) motion is wholly without merit and being used by Defendant for only one reason: to harass and oppress Plaintiff. As set forth below,

2

and as is quite apparent to anyone that reads the FAC, Plaintiff has plead sufficient facts to state a claim for injunctive relief under the ADA.

For the foregoing reasons, and as more fully set forth herein, Plaintiff respectfully requests that the Court deny Defendant's motion in its entirety. If the Court is inclined to grant any part of Defendant's motion, Plaintiff should be granted leave to amend the FAC under Rule 15(a).

## II.  PLAINTIFF HAS ARTICLE III STANDING TO BRING THE ADA CAUSE OF ACTION FOR INJUNCTIVE RELIEF

### A.  Defendant's Motion is a "Facial" Attack

A motion to dismiss under Rule 12(b)(1) can be either a facial or factual attack on jurisdiction. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Whereas a facial attack asserts that the allegations in the complaint are "insufficient on their face," a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the defendant's attack is a facial attack all of the Plaintiff's allegations must be presumed to be true. *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983).

3

It is clear from the MTD that Defendant's challenge is a facial attack. The MTD provides that Plaintiff's FAC is devoid of certain factual allegations required to establish Article III standing. Specifically, every single one of Defendant's attacks on Plaintiff's FAC is facial in nature. In the MTD makes the following facial attacks on the FAC:

- "Plaintiff Has Not Alleged an Injury In Fact" *(see* MTD at pg. 3),

- "Plaintiff Does Not Identify How Any Barriers Relate To Plaintiff's Disability" *(see* MTD at pg. 4),

- "Plaintiff Has Not Shown That He Has A Disability That Relates To The Alleged Barriers" *(see* MTD at pg. 6),

- "Plaintiff Has Not Properly Alleged An Intent To Return" *(see* MTD at pg. 7),

- "Plaintiff Has Not Alleged Facts Showing He Is Deterred From Returning to Defendant's Property" *(see* MTD at pg. 11),

- "Plaintiff Lacks Standing To Claim Injunctive Relief" *(see* MTD at pg. 13)

- "Plaintiff's ADA Cause Of Action Also Fails To State A Claim" *(see* MTD at pg. 15).

Every single one of these attacks is facial. Accordingly, for purposes of this motion all of the factual allegations in Plaintiff's FAC must be presumed to be true.

4

**B.    ADA Standing Standards in the Ninth Circuit**

Three elements must be present for a plaintiff to have standing: (1) the plaintiff must have "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) there must be a "causal connection between the injury and the conduct complained of;" and (3) it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 - 561 (1992). When a plaintiff seeks injunctive relief, there is an additional requirement of showing "a sufficient likelihood that [the plaintiff] will again be wronged in a similar way . . . [t]hat is, . . . a real and immediate threat of repeated injury." *Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983), and *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)) (internal quotations omitted). In the context of civil rights statutes, such as the ADA, courts are instructed to take a "broad view" of constitutional standing. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039-40 (9th Cir. 2008) (citing *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972)).

**1.    *Actual or Imminent Injury***

5

In the context of ADA discrimination claims, the Ninth Circuit recognizes a deterrent effect doctrine. For the requirement that the injury be actual or imminent, "a disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered `actual injury.'" *Doran*, 524 F.3d at 1040 (quoting *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002)). In other words, injury is imminent when a plaintiff "is threatened with harm in the future because of existing or immediately threatened non-compliance with the ADA." The Ninth Circuit recently clarified that a plaintiff need not personally encounter a barrier in order to be injured. Instead, "[i]t is the plaintiff's `actual knowledge' of a barrier, rather than the source of that knowledge, that is determinative." *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017). Indeed, the Ninth Circuit has held that "[o]nce a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the defendant's conduct and capable of being redressed by the courts." *Doran*, 524 F.3d at 1042, n.5.

In the FAC, Plaintiff specifies the access barriers he personally encountered and concretely identifies with particularity the manner in which these access

6

barriers caused him actual harm. For example, with respect to the fact that non-compliant designated disabled parking space did not have an access aisle, Plaintiff states that "[t]his makes it difficult for Plaintiff to use the adjacent space to safely disembark from the car." See FAC at pg. 6, ¶9. With respect to the failure to include a marked path of travel, Plaintiff states that "[t]here is no safe way for Plaintiff to park there and then travel to the entrance of the Property." See FAC at pg. 6, ¶19. With respect to the damaged and uneven path of travel, Plaintiff states "[t]his makes traveling in this area difficult" and "[t]hese steep changes in level create uneven surfaces." See FAC at pg. 7, ¶¶7, 10. With respect to the lack of clear floor space inside the business, Plaintiff states that "Plaintiff cannot get around inside the business, because Plaintiff is blocked by product displays." See FAC at pg. 8, ¶5. With respect to the fact that the front door entrance has a non-compliant ½ change in level, Plaintiff states "[t]his makes traversing this area difficult." See FAC at pg. 8, ¶10. With respect to the fact that inside the business there are non-compliant ½ changes in level, Plaintiff states "[t]his makes traversing this area difficult." See FAC at pg. 8, ¶15. In the FAC, Plaintiff goes on to identify the deterrent effect of Defendant's non-compliance in ¶27 stating "Plaintiff intends to return to Defendants public accommodation facilities in the near future. Plaintiff is currently deterred from returning because of the knowledge of barriers to equal

7

access that continue to exist at Defendants' facilities that relate to Plaintiff's

disabilities."

In his FAC, Plaintiff has satisfied the actual or imminent injury component

of standing, because he has both actual knowledge of numerous barriers, and

because he has in fact been deterred by the obstructions named in his FAC. This is

also supported by Plaintiff's signed declaration, filed concurrently herewith. *See*

Declaration of James Shayler ("Shayler Decl.") at ¶ 8.

### 2.   *Real and Immediate Threat of Repeated Injury*

A plaintiff seeking injunctive relief must also show that there is a "real and

immediate threat of repeated injury." *Lyons*, 461 U.S. at 111. "To demonstrate a

real threat of future harm, the plaintiff must establish a likelihood of returning to

the defendants' premises*." D'Lil v. Stardust Vacation Club*, No. CIV-S-00-

1496DFL PAN, 2001 WL 1825832, at *3 (E.D. Cal. Dec. 21, 2001); see also

*Gastelum v. Canon Hospitality LLC*, No. CV-17-02792-PHX-GMS, 2018 WL

2388047, at *6 (D. Ariz. May 25, 2018) (recognizing that real and immediate

threat of repeated injury entails a showing of "a legitimate intent to visit again the

public accommodation in question"). Courts apply a four-part test for ADA

standing, evaluating (1) the proximity of the place of the public accommodation to

plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the

8

definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant. *Harris v. Stonecrest Care Auto Center*, LLC, 472 F. Supp. 2d. 1208, 1216 (S.D. Cal. 2007).

There is a real and immediate threat of repeated injury, as Plaintiff can establish that he has a legitimate intent to visit the subject property again, and is only being deterred from doing so by its inaccessibility. The subject property is located within approximately five (5) to 10 (10) minutes driving distance from Plaintiff's home, depending on the traffic. Shayler Decl. ¶3. The business establishment at the subject property that is the subject of the current lawsuit is the "V & N Nursery" which is a gardening store and sells plants and gardening supplies. Shayler Decl. ¶4. Plaintiff is a gardening enthusiast, and the V & N Nursery is close to his home and therefore convenient for Plaintiff. Shayler Decl. ¶5. The V & N Nursery also carries a large assortment and variety of plants and other gardening equipment and products. Shayler Decl. ¶6.  Prior to filing the current lawsuit, Plaintiff visited the V & N Nursery to buy plants and other gardening products on several occasions. Shayler Decl. ¶7.  Plaintiff is deterred from returning to the V & N Nursery because of his knowledge of the existence of access barriers, but plans on returning when the subject property is ADA compliant, because of its convenient location close to his home and their vast

9

assortment of plants and other gardening products. Shayler Decl. ¶8.  Because of the close proximity of the subject property to Plaintiff's residence, Plaintiff travels near the subject property on a nearly daily basis. Shayler Decl. ¶9.

Defendant's attacks on Plaintiff's credibility are misplaced. The attempted use of past litigation to prevent a litigant from pursuing a valid claim in federal court warrants a court's most careful scrutiny. *See, e.g., Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988). Even though this type of information may sometimes be relevant and admissible in certain cases to issues such as motive, state of mind and credibility, the Ninth Circuit has rejected the use of past ADA litigation to impugn the credibility of ADA plaintiffs, which is exactly what Defendant is attempting to do here. *See D'lil v. Best Western Encino Lodge & Suites*, 538 F. 3d 1031, 1040 (9th Cir. 2008). The Ninth Circuit stated in *D'lil* that "[t]his is particularly true in the ADA context where, as we recently explained, the law's provision for injunctive relief only 'removes the incentive for most disabled persons who are injured by inaccessible places of public accommodation to bring suit.... As a result, most ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled.... For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time

10

when public accommodations will be compliant with the ADA.' *quoting Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007) (*citing Samuel R. Bagnestos, The Perversity of Limited Civil Rights Remedies: The Case of "Abusive" ADA Litigation*, 54 U.C.L.A. L.Rev. 1, 5 (2006)). *D'lil v. Best Western Encino Lodge & Suites*, 538 F. 3d at 1040.

Finally, "[i]f Plaintiff is going to be disbelieved on the issue of standing, it should be in the context of factfinding, not in the context of a [Rule 12(b)(1) motion]." *Fiedler v. Ocean Properties, Ltd.*, 683 F. Supp. 2d 57, 71-73 (D. Me. 2010) (declining to "draw conclusions about Mr. Fiedler's credibility," and to "disbelieve his statements about his past practices and his present intentions" upon a motion for summary judgment).

## III.   THE DEFENSE HAS NOT MET THE "FORMIDABLE" BURDEN OF ESTABLISHING MOOTNESS

In order to establish that the federal claim has been rendered moot, the defense must establish two things: (1) that the violation has been fixed; and (2) that the violation cannot be reasonably expected to recur. The defense has not, and cannot, established either of these prongs.

### A.   *The defense has not factually established that the property is accessible*

11

Even if it were appropriate for the Court to determine the ultimate factual question on a motion to dismiss, the defendants have not provided a sufficient showing to do so here. The only "evidence" provided to the Court to determine if the barriers have been removed is Mr. Vinood Patel's declaration which includes provably false statements and is therefore not credible, and a three line letter purportedly from a CASp inspector, that is vague, ambiguous and utterly inadequate to demonstrate compliance with the Americans with Disabilities Act, filed with the Court by the Defendant on march 24, 2020 at ECF No. 33-2.

In his declaration Mr. Patel claims that "Prior to November 2019, Defendant *did not provide parking* to customers." Id. at pg. 2, ll6. ***This statement is verifiably false***. As far back as December 2017, Defendant had a parking lot for its customers. Attached to the Declaration of Anoush Hakimi as <u>Exhibit A</u>, filed concurrently herewith are images downloaded from Google Maps, dated as of December 2017 which clearly show parking at the V & N Nursery for customers. Indeed, there is a sign directly in from of the V & N Nursery which points to the parking lot of the business. *Id*. at 6.

The purported letter attached to Mr. Pattel's declaration does not provide any evidence for the Court to determine what barriers were removed, how they were removed, or even if those remediations were successful. There are no

12

measurements, or pictures or proof, whatsoever. Rather, just the inadmissible hearsay of a third-party. The Defendant's simply ask the Court to accept a vague and ambiguous, conclusory hearsay statement of Defendant's hired expert, without any factual or evidentiary basis. It is not acceptable to make claims about the accessibility of physical conditions without providing proof, as the Ninth Circuit has repeatedly held time and time again[1]. ADA lawsuits hinge on "objective" and "precise" standards, where "the difference between compliance and noncompliance" is "often a matter of inches." *Chapman*, 631 F.3d at 945. The three-line letter attached to Mr. Patel's Declaration does not identify any regulations, any relevant code sections, the work that was performed, the work that was deemed not readily achievable, or provide any details whatsoever. To make matters worse, Defendant's refuse to provide the actual CASp Report and have refused to have the early meeting of counsel under Rule 26 which is required

---

[1] See, e.g., *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 732, fn. 5 (9th Cir. 2007) (internal quotation marks omitted for readability) ("The issues involved in ADA accessibility cases are, to be frank, mind-numbingly boring; the ADA Accessibility Guidelines regulate design elements down to the minutest detail. But, although the ADA's requirements are highly technical, they are essential to serve a core function of all civil rights laws: ensuring that the arenas of civic life are open to everyone."); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) ("Any element in facility that does not meet or exceed the requirements set forth in the ADAAG is a barrier to access.").

13

OPPOSITION TO MOTION TO DISMISS

before Plaintiff can notice a land inspection under Rule 34. *See* Hakimi Decl. at ¶8.

Accordingly, there are issues to be examined and discovery needs to be done

before anyone can gleefully declare their place of public accommodation in

compliance. For that reason, the plaintiff respectfully requests this Court refrain

from making factual determinations that go right to the heart of the merits of the

case as this is improper at this juncture; and asks that this Court deny the

defendants' motion to dismiss.

### B.    *The defense has not established that the violations will not recur*

"The test for mootness…is a stringent one. Mere voluntary cessation of

allegedly illegal conduct does not moot a case; if it did, the courts would be

compelled to leave the defendant free to return to his old ways." *United States v.*

*Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203-04 (1968) (citation and

internal punctuation omitted). Moreover, "[i]t is well settled that a defendant's

voluntary cessation of a challenged practice does not deprive a federal court of its

power to determine the legality of the practice." *City of Mesquite v. Aladdin's*

*Castle, Inc.*, 455 U.S. 283, 289 (1982). A claimed remedy "might become moot if

subsequent events make it absolutely clear that the allegedly wrongful behavior

could not reasonably be expected to recur." *Friends of the Earth*, *Inc. v. Laidlaw*

*Environmental Services, Inc.* 528 U.S. at 167. The party asserting mootness has

14

OPPOSITION TO MOTION TO DISMISS

"the heavy burden of persuading the Court that the challenged conduct cannot be reasonably expected to recur." *Id*. One court, presiding over an ADA case, summarized the standard as follows:

> The burden of establishing mootness by voluntary compliance is a heavy one. A request for prospective relief can be mooted by a defendant's voluntary compliance if the defendant meets the "formidable burden" of demonstrating that it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Such a burden will typically be met only by changes that are permanent in nature and that foreclose a reasonable chance of recurrence of the challenged conduct.

*Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir. 2004) (internal cites and quotes omitted for readability).

In this case, the defendants have a pattern and practice of neglecting the maintenance and upkeep of the parking. Thus, merely because an accessible parking space has been freshly painted in, does not mean that it will also not be permitted to fade away or be painted over once the smoke clears from this case. Parking lot striping is not a permanent architectural feature. It demands regular maintenance. Parking lot striping is a violation that continually resurfaces at a particular site. Parking lot striping, especially at asphalt parking lots such as in this case, needs to be redone every few years.

In the current matter, if the Defendant's allegation that it has remediated the parking lot striping is to be believed, then it is clear that the Defendant only

15

brought their parking lot striping into compliant and useable condition after being

sued. Under such circumstances, courts have been advised to be skeptical. "It is the

duty of the courts to beware of efforts to defeat injunctive relief by protestations of

repentance and reform, especially when abandonment seems timed to anticipate

suit, and there is a probability of resumption." *Santiago v. Miles*, 774 F.Supp. 775,

793 (W.D.N.Y. 1991), quoting, *United States v. W.T. Grant*, 345 U.S. 629, 632

(1953) "[S]uch actions in the face of litigation are equivocal in purpose, motive,

and permanence." *Jenkins*, 400 F.2d AT 33; see also *Sheely v. MRI Radiology

Network, P.A.*, 505 F.3d 1173, 1186 (11th Cir. 2007) (collecting cases); *Steel Co.

v. Citizens for a Better Env't*, 523 U.S. 83, 109 (1998) ("presumption" of future

injury when cessation occurs in response to suit); *Iron Arrow Honor Soc'y v.

Heckler*, 464 U.S. 67, 71-72 (1983); *Nat'l Adver. Co. v. City of Miami*, 402 F.3d

1329, 1333 (11th Cir.2005) (per curiam) ("[V]oluntary cessation of offensive

conduct will only moot litigation if it is clear that the defendant has not changed

course simply to deprive the court of jurisdiction."); *Houston v. 7- Eleven, Inc.*,

2014 WL 5488805, at *12 (M.D. Fla. 2014) ("The heavy burden of persuading the

Court that the challenged conduct cannot reasonably be expected to start up again

lies with the party asserting mootness. The Court recognizes that Defendant has

16

expended substantial efforts to bring the stores into compliance; however, the allegations of a pattern and practice of noncompliance cloud the issue.")

Merely fixing a problem after being sued does not render the claims moot. "The question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be any effective relief. Mere voluntary cessation of allegedly illegal conduct does not moot a case; it if did, the courts would be compelled to leave the defendant free to return to his old ways." *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130 (C.D. Cal. 2005) (internal cites and quotes omitted for readability). Here, if the Court finds that there was a parking lot violation and the violation was the result of a failure to maintain the lot properly, the Court can order the defendant to maintain the parking lot in compliance with the ADA accessibility standards.

An example of a case where these standards were applied in an ADA setting is *Feldman v. Pro Football, Inc.*, 419 F. App'x 381 (4th Cir. 2011). In *Feldman*, the plaintiffs were three deaf persons who regularly attended Redskins games at FedEx Field. Id. at 383. They filed suit under the ADA because the defendants failed to provide auxiliary access to the content of the broadcasts from FedEx Field's public address system. Id. Soon after plaintiffs filed their complaint, defendants captioned

OPPOSITION TO MOTION TO DISMISS

most of the aural content. Id. Among other steps taken, the defense captioned the field's two light-emitting diode ribbon boards and most of the televisions in the concourse area and they hired a stenographer to provide the captioning. Id. at 385. The district court denied the defense motion for summary judgment and on the mootness claim, held: "Given the ease with which defendants could stop providing captioning, we simply cannot say that they have made an affirmative showing that the continuation of their alleged ADA violations is 'nearly impossible.'" *Id*. at 387.

In this lawsuit, because the parking lot striping will fade and will need to be repainted every few years, it is very easy for the defendants to return to their previous ways and not provide a compliant parking lot. The *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831 (N.D. Cal. 2011) case is very much on point. *Moeller* involved a class action against Taco Bell for commonly seen ADA violations at their stores. One of those violations was improperly striped and maintained parking lots. The *Moeller* court rejected the defense argument that merely because the defendant had fixed the violations, the ADA claim was moot. The court found that, among other reasons, "the evidence showed that a number of architectural elements in Taco Bell restaurants are subject to frequent change . . . including parking striping . ..." *Moeller*, 816 F.Supp.2d at 862.

18

OPPOSITION TO MOTION TO DISMISS

The *Moeller* case also provides an example of the type of deliberate consideration that goes into a voluntary cessation claim. In *Moeller*, the defense raised the voluntary cessation claim and identified the existence of written policies and an actual maintenance contract it had entered into to demonstrate that the violations would not recur in the future. The Court considered those things and found that the defendant had not met the formidable burden of proving mootness. The Court reasoned that polices could be "rescind[ed] at any time," that the defendant "had on multiple occasions not followed its policy that accessible parking spaces have required signage," that the defendant "could change these policies-by, for example, not renewing its year-to-year contract with [maintenance company]" and so on. *See Moeller*, 816 F. Supp. 2d at 860-62. The facts in the this lawsuit are in fact more egregious, since Defendant has not made any showing or provided any evidence whatsoever of any change in policies and procedures regarding maintaining the accessibility of the parking lot, identified any agreement with respect to maintaining the accessibility of the parking lot, or made any representation regarding how they will prevent the violations from recurring.

It is uncontestable that failure to maintain parking lot striping is one of those frequently occurring, easily recurring violations and where a defendant has demonstrated a past apathy toward its legal obligations and a failure to comply

19

OPPOSITION TO MOTION TO DISMISS

with the law, a "voluntary" fix after being hauled into court does not meet the "formidable burden of demonstrating that it is absolutely clear the alleged wrongful behavior could not reasonably be expected to recur." *Id*. at 860, *quoting, Friends of the Earth, Inc.*, 528 U.S. at 190.

Defendant's historic indifference of ADA requirements demonstrates its utter disregard for compliance with the law, and ADA violations will continue to recur at the subject property. Defendant admits that they took no action to remediate the open and obvious parking lot violations that existed at the property for many years until being sued in this matter. To make matters worse, they have not even attempted to demonstrate that they have remediated the myriad of other ADA violations that exist at the property. Rather, they simply allege, without providing any evidence, to have painted in one (1) single, solitary disabled parking spot.

## IV.   PLAINTIFF HAS SUFFICIENTLY PLEAD AN ADA CAUSE OF ACTION

Rule 12(b)(6) allows for dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). When considering a defendant's motion to dismiss, a court must construe the factual allegations in the complaint in the light most favorable to the plaintiff. *Barker v. Riverside Cty.*

*Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); see *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555-56; *Woods v. City of Greensboro*, 855 F.3d 639, 652053 & n. 9 (4th Cir. 2017); cert. denied, 138 S. Ct. 558 (2017).

"A motion to dismiss for failure to state a claim is generally viewed with disfavor and is rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Only in extraordinary circumstances will a court grant dismissal without leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

To prevail on a discrimination claim under Title III of the Americans with Disabilities Act, a plaintiff must show that: (1) he or she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied equal access to public accommodations by the defendant because of his or her disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Architectural barriers to access deprived disabled persons of their equal opportunity to participate and benefit, and receive the benefits of a public accommodation in the most integrated setting appropriate. *See* Americans with Disabilities Act ADA

21

Title III Technical Assistance Manual Covering Public Accommodations and Commercial Facilities (the "ADA Manual").

Defendant doesn't state how Plaintiff has failed to plead sufficient facts to state a claim, but generally avers that Plaintiff has failed to do so. This is incorrect. Plaintiff has plead sufficient facts with respect to each of the three elements of an ADA claim as set out in *Molski*. First, in ¶1 of the FAC, Plaintiff sets forth his disabilities and why he is defined as a "disabled person" under the ADA, thereby satisfying the first element of the ADA. Second, in ¶2 of the FAC, Plaintiff identifies the Defendant as the operator of the subject property, thereby satisfying the second element of the ADA. Finally, in ¶ 22, Plaintiff identifies the specific barriers he encountered and how the specific barriers denied him access, and in ¶27 of the FAC, Plaintiff states that he is deterred from returning because of his knowledge of the existence of architectural barriers. Accordingly, Plaintiff has plead sufficient facts to state a claim under the ADA.

22

# V.    CONCLUSION

For the foregoing reasons, and as more fully set forth herein, Plaintiff respectfully requests that the Court deny Defendant's motion in its entirety. If the Court is inclined to grant any part of Defendant's motion, Plaintiff should be granted leave to amend the FAC under Rule 15(a).


Dated:  March 30, 2020               **THE LAW OFFICE OF HAKIMI &**
                                     **SHAHRIARI**


                                     By:    /s/Anoush Hakimi
                                         Anoush Hakimi, Esq.
                                         Attorneys for Plaintiff

                                     7080 Hollywood Blvd., Suite 804
                                     Los Angeles, California 90028
                                     Telephone: (323) 672 – 8281
                                     Facsimile: (213) 402 – 2170
                                     **www.handslawgroup.com**

OPPOSITION TO MOTION TO DISMISS