Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax: (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant VINOOD PATEL, CHAYA PATEL
and JOSE URIBE

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

JAMES SHAYLER,
          Plaintiff,

vs.

VINOOD PATEL, as an individual;
CHAYA PATEL, as an individual; JOSE
URIBE dba V & N Nursery; and Does
1-10,

Case No. 2:20-cv-00235-ODW-KS

**REPLY IN SUPPORT OF MOTION TO
DISMISS FIRST AMENDED
COMPLAINT PURSUANT TO FED. R.
CIV. P. 12(B)(1) AND (6)**

Date: April 27, 2020
Time: 1:30 p.m.
Courtroom: 5D

Hon. Otis D. Wright II

Reply in support of Motion to Dismiss Complaint

1   Plaintiff James Shayler lacks standing to bring this lawsuit.  His declaration virtually
2   admits that he has failed to adequately plead an "intent to return" by adding "facts" that
3   should have been and are required to be in the Complaint.  For that reason alone,
4   Defendant's Motion to Dismiss must be granted.  However, not only has Shayler not pled
5   any facts supporting his intent to return to defendant Uribe's business, but he has failed to
6   support his conclusory allegations of an injury in fact and *facts* regarding how he was
7   deterred from visiting Mr. Uribe's nursery.  Other than to allege that there were certain
8   alleged violations at Mr. Uribe's nursery, Shayler fails to tie any of them to any purported
9   "disability," which appears to be limited to two knee replacement surgeries and an acute
10  pinched nerve.  Since he has not offered any factual support to tie any purported disability
11  to any purported ADA violation as he did when trying to show an intent to return to
12  Defendant's property, this Court can and should conclude that there are *no such facts.*

13  Although the First Amended Complaint ("FAC") is therefore defective, it can be
14  resolved on an even simpler basis: Shayler cannot show that there is any imminent danger
15  of future harm required to obtain injunctive relief pursuant to the ADA, because there are
16  no such violations and his claim is therefore moot.  Contrary to Shayler's argument,
17  numerous courts have held that repairing or fixing parking lot problems – to the extent that
18  they ever existed – moot an ADA claim.  Since Shayler claimed in his Opposition that the
19  evidence supporting mootness was only supported by a hearsay letter, Defendant is
20  submitting herewith the Declaration of Ernest Castro, CASp, establishing mootness.
21  Accordingly, Shayler has failed to establish by factual allegations that he has standing, the
22  case should now be dismissed with prejudice.

23  Plaintiff also makes several surprising statements that range from "poetic license" to
24  downright false statements.  For example, Plaintiff's lead-off "flair" in the Opposition is
25  that "Defendant seeks to victim-shame Plaintiff, a disabled California resident with
26  mobility impairment from enforcing his rights under federal and state law."  Really?  If
27  moving to dismiss a federal action for lack of standing– one of 12 filed in the past year by
28  this plaintiff alone – constitutes "victim-shaming," that is a new defense to a lack of

standing.   Plaintiff further states with zero factual support (or even an allegation" that "Over many years, Defendant has made a handsome profit from his business at the property, but he believes he is above the law, and that he doesn't need to follow the requirements of the Americans with Disabilities Act."  Again, really? Shayler is not content to stop there.  He further states that Mr. Uribe is "a serial ADA violator . . . who has operated illegally for many years and refused to obey the law." Apparently Shayler cannot separate the difference between a single complaint filed by a serial ADA litigant and a serial ADA *violator*, and that even a violation of the technical ADA standards does not equate to "operating illegally for many years" no more so than being accused of ADA violations in a complaint amounts to a violation of law.  Outright false statements against a struggling nursery owner is not poetic license.  It is a violation of Rule 11, lacking anygood faith basis whatsoever.

Plaintiff's counsel further states that "As a preliminary matter, Defendant's Motion is procedurally defective as Defendant did not even attempt to meet and confer with Plaintiff as required pursuant to Local Rule 7-3 of the Central District of California."  Yet, the declarant, Mr. Hakimi, did not participate in the Local Rule 7-3 conference with Peter Shahriari, where Mr. Shahriari was explicitly told that the complaint was defective for each of the reasons set forth in the Motion to Dismiss, especially since those contentions were relevant to the Motion to Vacate Default currently pending before this Court.  These fast and loose statements set the tone for Plaintiff's Opposition.

## ARGUMENT

## I.

## <u>DEFENDANT IS MAKING A FACTUAL ATTACK ON JURISDICTION</u>

Whether this Court deems Defendant's Motion to be a factual attack or a facial attack, the FAC does not establish subject matter jurisdiction.  Defendant understands that Shayler would like to have this court treat his non-conclusory allegations in the complaint as true.  However, *both* Plaintiff and Defendant have submitted declarations and evidence outside the four corners of the Complaint in support of the Motion to Dismiss and in

1   Opposition to it, attacking or supporting whether allegations establishing subject matter

2   jurisdiction are true.  For example, Shayler's declaration seeks to add facts not in the FAC

3   to rebut Defendant's argument that Plaintiff has failed to plead an intent to return.

4           It is settled law that in connection with a motion that challenges subject matter

5   jurisdiction, a plaintiff cannot hide behind the conclusory allegations of his Complaint but

6   must present facts establishing subject matter jurisdiction.  In a factual attack, the

7   challenger provides evidence that an alleged fact in the complaint is false, thereby resulting

8   in a lack of subject matter jurisdiction.  *Safe Air for Everyone v. Meyer*, 373 F.3d

9   1035,1039  (9th Cir. 2004).  Defendant has done so here by challenging (1) whether there is

10  an injury in fact, other than Plaintiff's conclusion that he has suffered an injury in fact, (2)

11  whether Plaintiff is legitimately deterred as he alleged in the FAC, when the evidence is

12  that (a) no formal parking was provided until November 2019 and (b) Plaintiff has not

13  established how any alleged violation was a barrier *to him based on his own disability* and

14  (3) that even assuming that there was any obligation to provide parking, which is denied,

15  there is now compliant parking as set forth in the Castro Declaration, and subject matter

16  jurisdiction is therefore lacking as the claim is moot.  Although facial and factual attacks

17  sometimes overlap, it is Plaintiff's burden to establish standing at each stage of the

18  proceeding and Plaintiff has simply failed to do so here.  Thus, "the district court is not

19  restricted to the face of the pleadings, but may review any evidence, such as affidavits and

20  testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy*

21  *v. United States*, 850 F.2d 558, 560 (9th Cir.1988).

22          However, even if this Court were to ignore the various declarations from the parties,

23  the FAC still fails because, ignoring the conclusory allegations of the FAC that go to

24  standing, there are no factual allegation to support standing.  At most, Plaintiff seems to

25  believe that a laundry list of naked procedural violations  – true or not – supplants the need

26  for factual allegations regarding how each procedural violation was a barrier to Plaintiff

27  based on Plaintiff's own disability.  A plain reading of the FAC shows that even under this

28  more liberal standard, the FAC does not establish subject matter jurisdiction.  Accordingly,

1  whether factual or facial, the FAC is insufficient and the only issue is whether Plaintiff
2  should be given leave to amend.

3                                          **II.**

4          **PLAINTIFF HAS FAILED TO DEMONSTRATE AN INJURY IN FACT**

5          To show standing under the ADA, a plaintiff must also demonstrate that he has
6  suffered an "injury-in-fact coupled with an intent to return to a noncompliant facility," or
7  alternatively "deterrence from returning to the premises." *Chapman v. Pier 1 Imports, Inc.*,
8  631 F.3d 939, 946 (9th Cir. 2011) (*en banc*).  Plaintiff has the burden of establishing the
9  existence of these elements, and must clearly allege facts demonstrating each element.  *Id*.
10 Since injunctive relief is the only remedy to individuals under Title III of the ADA,
11 Plaintiff must also show he faces a "'real and immediate threat of repeated injury'" to
12 establish an injury-in-fact for purposes of standing. *Chapman*, 631 F.3d at 946.

13         In his Opposition, Plaintiff appears to concede that he cannot show an "injury-in-
14 fact" coupled with an intent to return, since he does not brief the issue.  Instead, Plaintiff
15 appears to rely solely on the "deterrence" prong.  Opposition, p. 6.  "To demonstrate
16 deterrence, a plaintiff must allege 'actual knowledge of illegal barriers at a public
17 accommodation to which he or she desires access' and that 'a defendant's failure to comply
18 with the ADA deters her from making use of the defendant's facility.'" *Strojnik v.
19 Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743, at *23-24 (C.D. Cal. Jan. 22, 2020)
20 citing *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1098 (9th Cir.
21 2017).  Although Plaintiff alleges various *potential* violations of the ADA, Plaintiff fails to
22 tie any alleged ADA violations listed in the Complaint with his own purported disability.
23 As this Court has previously held on this exact issue, "Plaintiff does not allege how any
24 feature at the Hotel . . . relates to his disability so as to deter him from staying at the Hotel."
25 *Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-CV-02991-ODW (JEMx), 2019 U.S. Dist.
26 LEXIS 212094, at *12 (C.D. Cal. Dec. 9, 2019)(holding that plaintiff failed to allege
27 deterrence) citing *Chapman*, 631 F.3d at 955 (discussing that a plaintiff must identify how
28 each of the alleged barriers "deter him from visiting . . . the [place of accommodation] due

1   to his disability").

2       Although Shayler argues in his Opposition that he has alleged facts tying each

3   purported violation to his disability, a review of the FAC shows that he has not. The FAC

4   alleges naked violations of the ADA, but it lacks factual allegations showing why a

5   particular purported violation of the ADA is a barrier to *Shayler*.  *Doran v. 7-Eleven, Inc.*,

6   524 F.3d 1034, 1044 (9th Cir. 2008) (holding that plaintiff, a wheelchair user, "cannot

7   challenge all of the ADA violations in the 7-Eleven store. . . . Doran may challenge only

8   those barriers that might reasonably affect a wheelchair user's full enjoyment of the store.");

9   *see also Chapman*, 571 F.3d at 858 n.2.  All of Plaintiff's claimed violations of the ADA

10  suffer from the same problem, *i.e.*, Shayler does not plead facts showing that any ADA

11  violation is a barrier to him as a result of his specific disability.  *See Spokeo, Inc. v. Robins*,

12  136 S. Ct. 1540, 1550, 194 L. Ed. 2d 635 (2016) (listing procedural violations without

13  connecting them to any particular harm is insufficient to plead standing).

14      For example, Shayler argues in his Opposition that "with respect to the lack of clear

15  floor space inside the business, Plaintiff states that 'Plaintiff cannot get around inside the

16  business, because Plaintiff is blocked by product displays.'" Opposition, p. 7.  However, at

17  FAC, ¶ 21, p. 8., the allegation referred to in the Opposition states:

18          VIOLATION of 2010 CBC Section 1118B.1; ADA 4.2.1. (Lack of clear floor
            space). The floor space lacked clear width of thirty-two (32) inches at multiple
19          points and thirty-six (36) inches continuously, as is required. This is true of
            product displays and interior paths. Plaintiff cannot get around inside the
20          business, because Plaintiff is blocked by product displays.

21  This alleged violation may have been a barrier to someone in a wheelchair, but not

22  someone who walks with a cane, for example. *O'Campo v. Bed Bath & Beyond of Cal.,*

23  *LLC*, 610 F. App'x 706, 708 (9th Cir. 2015) ("The district court properly concluded that the

24  barriers O'Campo alleged would not interfere with the full and equal access of a

25  mobility-impaired person who requires the use of a cane, rather than a wheelchair,"

26  affirming dismissal of complaint).  Nowhere in his FAC does he claim to use a wheelchair

27  or even a walker, and thus cannot complain of any of the alleged barriers that would apply

28  to disabled people in wheelchairs, such as ramp slopes and aisle widths.

Moreover, even Plaintiff's allegation that he "uses a walker *as needed,*" FAC, ¶ 1 (emphasis added), is plainly insufficient. *Rutherford v. Cesar's Mexican Rest., LLC*, 2019 WL 4193392, at *1 (S.D. Cal. Sept. 3, 2019) (finding that a plaintiff failed to establish Article III standing where he alleged that "at times" used a wheelchair but did not allege if he used a wheelchair at the defendant's facility despite pointing out barriers to accessibility that related to wheelchair users).  Shayler does not allege at any point that he either used a wheelchair, a walker or even a cane at all, never mind when he allegedly visited Defendant's store. *Id.* Thus, he cannot show deterrence.

**III.**

**PLAINTIFF HAS NOT PLED A "REAL AND IMMEDIATE THREAT OF REPEATED INJURY"**

Like the tail wagging the dog, Shayler argues that he has shown a real and immediate threat of repeated injury – solely because he is aware of purported ADA violations at Defendant's nursery.  That fails for three reasons.  First, as discussed in the next section, Plaintiff's claim is moot.  Second, although Shayler identifies purported ADA violations, he does not allege how those violations are barriers to *him* based on his specific disability.  Thus, there is no threat of any real and immediate threat of repeated injury since he has not shown how any of the purported procedural violations are potential injuries to him. *Chapman*, 631 F.3d at 953 ("An ADA plaintiff . . . lacks standing . . . if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability").  Third, although the FAC fails to plead any intent to return to Defendant's business, it appears that Shayler (or his counsel) have attempted to correct that by adding facts not included in the FAC to support an intent to return based on this Court's widely cited decision in *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005). Since those facts are not pled, the FAC must be dismissed for that reason alone. Finally, as repeatedly discussed both in the Motion and above, Shayler's vague intent to return FAC, ¶ 27 is insufficient pursuant to *CREEC*, and therefore does not adequately plead an intent to return. *Strojnik v. Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743, at *23-24 (C.D. Cal.

1  Jan. 22, 2020).

2  ### III.

3  ### SHAYLER'S CLAIM IS MOOT

4  Because injunctive relief is the only available remedy under Title III, a plaintiff

5  claiming discrimination under Title III "must not only demonstrate the familiar

6  requirements for standing — injury-in-fact, traceability, redressability — but also a

7  sufficient likelihood that he [or she] will be wronged again in a similar way." *Ervine v.*

8  *Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) (internal

9  quotation and citation omitted). "Where . . . a private plaintiff brings an ADA claim seeking

10 to enjoin a defendant to remove an architectural barrier, removal of the barrier before final

11 judgment moots the ADA claim based on that barrier." *Hernandez v. Polanco Enterprises,*

12 *Inc.*, 19 F. Supp. 3d 918, 926 (N.D. Cal. 2013) (citing *Oliver v. Ralphs Grocery Co.*, 654

13 F.3d 903, 905 (9th Cir. 2011) ("Because a private plaintiff can sue only for injunctive relief

14 (i.e., for removal of the barrier) under the ADA, . . . a defendant's voluntary removal of

15 alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim.")

16 (internal citation omitted)).  *See also*, *Johnson v. San Carlos Inn*, 2020 U.S. Dist. LEXIS

17 10754, at *2-3 (N.D. Cal. Jan. 22, 2020)(repair of parking lot barriers renders complaint

18 moot).

19 This court can consider defendant's expert declaration and other extrinsic evidence

20 in connection with a Rule 12(b)(1) motion. *Jinkins v. Irvine Props.*, 2016 U.S. Dist. LEXIS

21 75947, at *1-2 (C.D. Cal. June 8, 2016) [dismissing complaint pursuant to Rule 12(b)(1)

22 where expert declaration supported defendants' contention that plaintiffs' ADA claim was

23 mooted by subsequent modifications to the property]; *Langer v. Manuele*

24 3:18-cv-00104-BEN-NLS (S.D. Cal. 2018) [same]; *McCarthy v. Luong*, 2016 U.S. Dist.

25 LEXIS 161333, at *13 (E.D. Cal. Nov. 21, 2016).

26 Shayler first contends that the letter obtained from a California-licensed CASp by the

27 owner and attached to Mr. Patel's declaration was inadmissible to establish the lack of any

28 barriers. Submitted herewith is the Declaration of Ernest Castro, CASp, who reiterates what

was said in the letter attached to the Patel Declaration, and states in his declaration that he inspected the property on March 10, and determined that the parking area complied with all ADAAG standards, including number of spaces, sloping and access.  Castro Decl., ¶ 3. Thus, although the Castro Declaration merely confirms what was said in his letter, the Castro Declaration is admissible and dispositive.  *See McCarthy v. Luong*, 2016 U.S. Dist. LEXIS 161333, at *11 (E.D. Cal. Nov. 21, 2016) ("Defendants filed the declaration of a Certified Access Specialist ("CASp"), Christopher Preciado, to support their contention that Plaintiff's ADA claims regarding physical or construction-related barriers are moot. (ECF No. 6-3.) Mr. Preciado states, on the basis of his personal inspection of the property, that all of the alleged ADA defects have been cured and that the property is in compliance with the ADA and California law," finding complaint moot).

Plaintiff's second contention is that the complaint is not moot because Defendant, according to Shayler's counsel pursuant to Rule 11, has a "historic indifference of ADA requirements demonstrates its utter disregard for compliance with the law, and ADA violations will continue to recur at the subject property," apparently based solely on the fact that Shayler sued the Defendant.  Shayler has presented nothing, not one shred of admissible evidence that anyone, including Shayler prior to filing this lawsuit, ever claimed that any of the defendants violated the ADA.[1]

---

[1] Such outrageous false statements exceed the boundaries of zealous advocacy. Unfortunately, they do not stop with false statements about the Defendant.  As set forth in the Stillman Declaration, one of Shayler's counsel, Anoush Hakimi, just flat out lied about conversations with Mr. Stillman.  As set forth therein, Mr. Stillman had *one* conversation with Peter Shahriari, where the Motion to Vacate the Default and the grounds for this motion were discussed. Other than that one conversation, every communication with either Mr. Shahriari or Mr. Hakimi are in writing via email, which are attached to the Stillman Reply Declaration.  Not ever was the subject of a Rule 26(f) meeting discussed, not ever was a property inspection discussed, much less refused, and not ever did Mr. Stillman tell either counsel "that he will 'go to the mat on this one and drag it out as long as I can.'" In fact, it was Mr. Hakimi who stated in an email – the only direct communication with Mr. Stillman – that "Let's talk in 6 months after the parties have had an opportunity to

1    Shayler's main focus of his contention that the FAC is not moot is that paint striping

2    of parking spaces can fade or apparently, be removed.  Numerous cases hold that

3    remediation of parking areas renders a complaint moot.  *See e.g.*, *Villegas v. Villa Plaza*

4    *P'ship, L.P.*, No. 2:18-cv-06431-ODW (FFMx), 2020 U.S. Dist. LEXIS 3222, at *9 (C.D.

5    Cal. Jan. 6, 2020) (Villegas's ADA claim is based on alleged parking lot barriers moot);

6    *Johnson v. San Carlos Inn*, 2020 U.S. Dist. LEXIS 10754, at *2-3 (N.D. Cal. Jan. 22,

7    2020)(repair of parking lot barriers renders complaint moot); *Lopez v. AND Grp. Corp.*,

8    2019 U.S. Dist. LEXIS 208951, 2019 WL 6434493, at *1 (C.D. Cal. July 30, 2019)

9    (correcting parking spaces and striping rendered complaint moot); *Langer v. Nenow*, 2020

10   U.S. Dist. LEXIS 24886, at *14-15 (S.D. Cal. Feb. 12, 2020) ("the Court is not persuaded

11   by Plaintiff's argument that 'because the parking lot striping will fade and will need to be

12   repainted every few years, it is very easy for the defendants to return to their previous

13   ways.").  Accordingly, there is no *bona fide* argument that remediation of parking areas,

14   including striping, does not render a claim moot.

15   Shayler's specific contention that remediation of striping of parking spaces does not

16   render the FAC moot has been expressly rejected in, among others, *Langer* and *Lopez.* In

17   *Langer*, the court specifically rejected the plaintiff's contention that parking lot striping

18   fades and it is therefore easy for the defendants to return to their previous ways.  In *Lopez*,

19   the court specifically considered and rejected plaintiff's argument that "Defendant may fail

20   to maintain the accessible parking spaces by letting the paint to fade away or painting them

21   over once the case ends." 2019 U.S. Dist. LEXIS 208951, at *3.

22   In *Whitaker v. Hansbrot Partners*, 2020 U.S. Dist. LEXIS 35543 (C.D. Cal. Feb. 27,

23   2020), the Court rejected the plaintiff's argument that Defendant could later remove the

24   ADA compliant dining tables. 2020 U.S. Dist. LEXIS 35543, *5.  "Consequently, Plaintiff's

25   ADA claim for the dining tables is moot. The Court also finds there is no evidence or any

26   _____

27   investigate claims and defenses."  March 11, 2020 email from Anoush Hakimi to Mr.

28   Stillman, attached to the Stillman Reply Decl. as <u>Exhibit 1</u>.

1   reason to suggest that Defendant will revert back to non-compliance with the ADA." *Id.*

2   "Plaintiff's argument that Defendant will revert back to non-compliant dining tables is

3   illogical because there is no benefit for Defendant in reverting back to noncompliance, and

4   doing so would likely cost Defendant more than maintaining compliance." *Id.*

5        In fact, in *Langer*, the court specifically distinguished the two cases cited by Plaintiff

6   for their preposterous theory that remediating parking cannot moot an ADA claim, *Feldman*

7   and *Moeller*.  There, the court stated that

8        Plaintiff's cited cases are factually distinguishable from Defendants' violations
         in that Defendants' violations have not been remedied by actions that could be

9        undone almost immediately, including, by hiring a worker that could be easily
         fired, see *Feldman v. Pro Football, Inc*., 419 F. App'x 381, 388 (4ᵗʰ Cir. 2011)

10       (where defendant's cure involved hiring someone to provide captioning), or by
         adopting new policies that could be "rescind[ed]" at any time. See *Moeller v.*

11       *Taco Bell Corp*., 816 F. Supp. 2d 831, 860 (N.D. Cal. 2011). Rather,
         Defendants' actions here — e.g., building a new parking space, painting lines

12       and an access aisle, and putting up signs — are more akin to "structural
         modifications" unlikely to be easily reversed. See *Zaldivar,* 2016 U.S. Dist.

13       LEXIS 129172, 2016 WL 5118534, at *10.

14   *Langer v. Nenow*, 2020 U.S. Dist. LEXIS 24886, at *15-16 (S.D. Cal. Feb. 12, 2020).

15   Moreover, in *Moeller*,  the court treated "parking striping" as "subject to frequent change"

16   *Id.* citing *Moeller*, 816 F. Supp. 2d at 862. "The court's finding in *Moeller* was based on

17   three facts not in evidence here: (1) express testimony from defendant's former employee

18   that certain practices at that defendant, including paint striping, were subject to frequent

19   change, (2) an upcoming renovation scheduled for that specific restaurant that might entail

20   re-painting the stripes, and (3) an interrogatory response from defendant that it would be

21   too burdensome to describe all alterations to the restaurant as they were so frequent." *Id.*

22   Thus, *Moeller* is inapposite here.

23        Finally, it bears noting that the last of Plaintiff's claimed visits to the Defendant's

24   nursery – if they occurred at all – was in September 2019.  As clearly stated in Mr. Patel's

25   Declaration, the new parking was paved in November 2019, two months after Shayler's last

26   purported visit.  Additionally, although Shayler casually states that Mr. Patel's declaration

27   is "provably false," the pictures attached to the Hakimi Declaration are actually consistent

28   with Mr. Patel's declaration.  First, the pictures are irrelevant as they are unauthenticated

and purport to have been taken in December 2017. Shayler claims to have visited the property for the first time in May 2019. FAC, ¶ 13. Thus, whatever the condition of the property was in December 2017 – almost two years earlier – is irrelevant. Second, as the Court can plainly see from those images, the cars are parked around pallets of soil and potted plants – exactly as Mr. Patel indicated. Those 2017 pictures only show that if there was space between the various items for sale, cars parked there. However, that is all irrelevant, since the issue here is whether the FAC is now moot, not the state of any parking in *2017*.

**CONCLUSION**

For the foregoing reasons, defendant Jose Uribe respectfully requests that this Court dismiss the Complaint with prejudice and without leave to amend.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: April 13, 2020                By:_____
                                                       Philip H. Stillman, Esq.
                                                Attorneys for defendant JOSE URIBE

**PROOF OF SERVICE**

I, the undersigned, certify under penalty of perjury that on April 13, 2020 or as soon as possible thereafter, copies of the foregoing Reply in support of Defendant's Motion to Dismiss, and the Declaration of Ernest Castro were served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and via email to Plaintiff's email address listed with this Court.

By: /s/ *Philip H. Stillman*
Attorneys for JOSE URIBE