O

# United States District Court
# Central District of California

| | |
|---|---|
| JAMES SHAYLER,<br><br>    Plaintiff,<br><br>    v.<br><br>VINOOD PATEL; *et al.*,<br><br>    Defendants. | Case No. 2:20-cv-00235-ODW(KS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT [31]** |

## I. INTRODUCTION

On January 8, 2020, Plaintiff James Shayler filed a complaint against Defendants Vinood Patel and Chaya Patel (collectively, the "Patels") for violations of the Americans with Disabilities Act ("ADA"). As the Patels did not answer Shayler's Complaint within the required time, Shayler requested the Clerk enter default against the Patels. The Clerk entered default the following day, and the Patels now move to set aside the default. (Mot. to Set Aside Default ("Mot."), ECF No. 31.) For the reasons discussed below, the Court **GRANTS** the Patels' Motion.[1]

## II. FACTUAL BACKGROUND

Shayler is a California resident who is allegedly disabled under the ADA. (Compl. ¶ 1, ECF No. 1.) He has had two knee replacement surgeries, suffers from an

---

[1] After carefully considering the papers filed related to the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

acute pinched sciatic nerve and arthritis, has limited mobility in his legs, and uses a walker when needed. (Compl. ¶ 1.) In 2019, Shayler attempted on three separate occasions to visit a business establishment on the Patels' property known as V & N Nursery ("Nursery") located at 3954 Sepulveda Blvd., Culver City, California. (Compl. ¶¶ 2–3, 12.)

Despite having been newly constructed or remodeled, the Nursery lacked accessible parking spaces or reserved spaces nearest the entrance in compliance with the ADA. (Compl. ¶¶ 11, 16, 21.) Additionally, when Shayler visited the Nursery in 2019, he encountered further ADA violations, including a lack of appropriate parking signage, accessible spaces, unloading and loading access aisles, and an appropriate and accessible travel path. (Compl. ¶ 21.) Shayler alleges that the barriers on the Nursey are readily achievable to remove. (Compl. ¶ 28.) Shayler intends to return to the Nursery but is deterred by the physical barriers that have denied him access in the past. (Compl. ¶ 26.)

On January 8, 2020, Shayler filed the Complaint alleging claims for violations of the ADA and the California Unruh Act. (Compl. ¶¶ 32–58.) Shayler served the Patels with process on January 16, 2020, and the Court dismissed Shayler's California Unruh Act claim three days later. (Proofs of Service, ECF Nos. 17, 18; Min. Order, ECF No. 16.) The Patels retained counsel on January 26, 2020. (Decl. of Philip H. Stillman ("Stillman Decl.") ¶ 2, ECF No. 31-2; *see* Mot. 4.) At that time, the Patels' counsel was out of the country and emailed Shayler's counsel to inform him that he would be without internet and cell service until February 11, 2020, and to request a two-week extension of time to respond to the Complaint. (Stillman Decl. ¶ 2, Ex. 1.) The Patels believed a response to Shayler's Complaint was originally due on February 17, 2020. (Stillman Decl. ¶ 3; *see* Mot. 4.)

On February 13, 2020, Shayler requested the Clerk to enter default against the Patels, which the Clerk granted. (Req. for Entry of Default, ECF Nos. 20, 21; Default by Clerk, ECF Nos. 22, 23.) The Patels' counsel learned of the entry of default on

March 2, 2020, and five days later the Patels moved to set aside default. (Stillman Decl. ¶ 5; Mot. 5–6.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) authorizes a court to "set aside the entry of default" for "good cause shown." Fed. R. Civ. P. 55(c). District courts look at the following three factors when deciding whether there is good cause to set aside the entry of default: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). "Where timely relief is sought from a default . . . , doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." *Mendoza v. Wight Vineyards Mgmt.*, 783 F.2d 941, 945–46 (9th Cir. 1986) (alterations in original) (internal quotation marks omitted).

### IV. DISCUSSION

The Court addresses the aforementioned three factors to determine whether there is good cause to set aside default.

#### A. Prejudice to Shayler

The first factor requires the Court to consider whether setting aside default will prejudice Shayler. *See Brandt*, 653 F.3d at 1111. "To be prejudicial, the setting aside of a [default] . . . must result in greater harm than simply delaying resolution of the case." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). The Court is sensitive to Shayler's interest in realizing immediate injunctive relief, especially as ADA violations have the potential to continue to harm him and other individuals. However, Shayler did not grossly invest in litigation, and a decision to set aside default will not prevent him from litigating this matter on the merits. Furthermore, Shayler's only purported harm is a delay in resolution. (Opp'n to Mot. ("Opp'n") 5, ECF No. 32.) This is insufficient to resolve this matter on procedural

grounds. *TCI Grp. Life*, 244 F.3d at 701. Additionally, the Court is concerned that the Patels may suffer greater harm if denied their day in court. Thus, because Shayler's asserted prejudice is merely delay, and the Patels are prepared to move forward with litigation, this factor weighs in the Patels' favor.

**B.    Meritorious Defense**

The second factor requires the Court to consider whether the Patels have a meritorious defense to Shayler's ADA claim. *See Brandt*, 653 F.3d at 1111. The burden on the Patels is not great, and they need only present specific facts that, if true, would demonstrate a meritorious defense. *TCI Grp. Life*, 244 F.3d at 700.

Shayler alleges the Nursery violated several Title III ADA standards, including noncompliant parking spaces, parking signage, unloading and loading access aisle, and travel paths. (Compl. ¶ 21.) Title III of the ADA prohibits discrimination on the basis of a disability at places of public accommodation. 42 U.S.C. § 12182(a). To successfully state a Title III claim, Shayler must show he is disabled within the meaning of the ADA, the Patels own, lease, or operate a place of public accommodation, and Shayler was denied public accommodations by the Patels because of his disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). To bring a Title III ADA claim for injunctive relief, Shayler must also establish standing by demonstrating he suffered an injury-in-fact traceable to the Patels' conduct, the injury is likely to be redressed by a favorable decision, and there is a "'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)).

The Patels raise several defenses to Shayler's ADA claim. The Patels reject Shayler's allegation that he was denied public accommodations because of his disability. (Mot. 10.) Additionally, the Patels challenge Shayler's standing to bring a Title III ADA claim, asserting that Shayler did not attempt to access the Nursery and therefore suffered no injury-in-fact. (Mot. 10.) The Court finds that these specific

facts, if true, would demonstrate meritorious defenses to Shayler's claims. Thus, this factor weighs in the Patels' favor.

**C.  Culpability**

The third and final factor requires the Court to determine whether the Patels' culpability led to the entry of default. *See Brandt*, 653 F.3d at 1111. "[A] defendant's conduct is culpable if [they have] received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Grp. Life*, 244 F.3d at 697 (emphasis omitted). Shayler argues that the Patels intentionally did not act and ignored the summons. (Opp'n 3.) The Court finds this argument unavailing. The Patels retained counsel who promptly emailed Shayler's counsel regarding his out-of-office status and asked for an extension. (Stillman Decl. ¶ 2, Ex. 1.) Patels' counsel asserts that their failure to respond in a timely manner resulted from a miscommunication regarding the deadline. (Mot. 8.) The Court finds that the Patels' immediate action in retaining an attorney demonstrates that the Patels did not ignore the summons and had every intention of litigating. The miscommunication regarding the deadline supports their lack of culpability. Given these facts, the Court does not find that the Patels intentionally failed to answer. Thus, this factor weighs in the Patels' favor.

Setting aside default will not prejudice Shayler, the Patels have legitimate meritorious defenses to Shayler's claims, and entry of default is not the result of culpability by the Patels. Furthermore, policy indicates that doubts should be resolved in favor of decisions on the merits rather than on procedural grounds. *Mendoza*, 783 F.2d at 945–46. For these reasons, the Court finds good cause to set aside default.

## V. CONCLUSION

Having considered the three factors to show good cause, the Court **GRANTS** the Patels' Motion to Set Aside Entry of Default. The Court shall determine this case on the merits.

**IT IS SO ORDERED.**

July 2, 2020

                                                                                 _____
                                                                                       **OTIS D. WRIGHT, II**
                                                                             **UNITED STATES DISTRICT JUDGE**